Entered on Docket
July 19, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 16, 2010



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 10-44101 T
                                         Chapter 11
CEASAR CUEVAS RICASATA, GERALDYN
GAVIOLA RICASATA,

        Debtors-in-Possession.
_____/

In re                                    No. 10-45356 T
                                         Chapter 11
EUFRESINA DE LEON BOADO, ARTHUR
BASA BOADO, SR.,

        Debtors-in Possession.
_____/

**MEMORANDUM OF DECISION**

The above-chapter 11 debtors-in-possession have applied for permission to employ Kenneth R. Graham ("Graham") as their bankruptcy counsel in the above-captioned cases. The Office of the United States Trustee (the "UST") has objected to Graham's employment. The parties were given an opportunity to brief the issues. Having considered the evidence and argument presented, the Court concludes that the applications should be denied with prejudice. The

underlying facts and the reasons for the Court's decision are set forth below.

## BACKGROUND

Graham filed a chapter 11 petition for the Ricasatas on April 12, 2010. An application to employ Graham as counsel for the Ricasatas was filed on May 3, 2010. An objection to the application was filed on May 6, 2010. The parties appeared at hearings with respect to the application and objection on May 17 and June 15, 2010. At the conclusion of the June 15, 2010 hearing, the Court gave Graham until June 22, 2010 to file a response to the UST's objection and the UST until June 29, 2010 to file a reply. Graham failed to file a response in this case. However, on June 28, 2010, the UST filed a motion to extend the deadline for its reply. The motion was granted. The UST filed a timely reply on July 13, 2010.

Graham filed a chapter 11 petition for the Boados on May 10, 2010. An application to employ Graham as counsel for the Boados was filed on June 2, 2010. An objection to the application was filed on June 11, 2010. The parties appeared at a hearing with respect to the application and objection on June 15, 2010. At the conclusion of the June 15, 2010 hearing, the Court gave Graham until June 22, 2010 to file a response to the UST's objection and the UST until June 29, 2010 to file a reply. Graham filed a response in this case on June 25, 2010. On June 28, 2010, the UST filed a motion to extend the deadline for its reply. The motion was granted. The UST filed a timely reply on July 13, 2010.

2

The objection filed by the UST in the Ricasata case asserted that, contrary to Cal. Civ. Code § 2944.7, Graham obtained $6,000 from the Ricasatas for performing future loan modification services. It also noted that Graham had failed to serve a copy of the proposed order approving his employment on the UST. Finally, the objection noted that the retainer agreement attached to the application indicated that Graham intended to charge the Ricasatas $200 for any amendments to the petition. The UST contended that this charge was excessive.

The objection in the Boado case asserted that the employment of Graham by various debtors in the Northern District of California had been the subject of numerous objections by the UST. In some of these cases, his employment had been denied. In addition, various bankruptcy courts in the Northern District had issued orders to show cause based on complaints about his performance. Twelve cases are listed and the details of the problems summarized.

The UST noted that all twelve of the cases were large cases in which individual debtors owned multiple pieces of real estate. In most of the cases, some of the real estate generated cash collateral. In none of the cases were applications filed for permission to use cash collateral. The UST further noted that Graham had permitted another attorney to work on the Boado case without disclosing the attorney's name or connections. This problem had not been remedied despite the UST having brought it to Graham's attention. The UST concluded by asking that Graham's employment be denied unless and

3

until he can demonstrate that he is sufficiently competent and ethical to represent a chapter 11 debtor-in-possession.

The response filed by Graham in the Boado case asserted that his office has now established a checklist to prevent the mistakes previously made, as noted by the UST. He pointed out that, in some of the twelve cases listed by the UST, the objections cited were overruled without hearings. In one of the cases, no ruling had yet been made on the objection. With respect to the attorney whose name and connections were not disclosed, Graham contended that he was simply an employee of Graham's firm. He contended that nothing in the rules or guidelines required a law firm applying for employment to identify all of its attorneys by name. Based on this response, Graham asked that the UST's objection to his application be overruled and his employment approved.

The UST's filed a consolidated reply in the two cases. The UST continued to assert Graham's lack of competence and lack of candor regarding the terms of his employment as grounds for denying approval of his employment. The UST noted that the Court has a duty to deny approval of the employment of counsel by chapter 11 debtors-in-possession on grounds of incompetence, among other things. See <u>In re Nucorp Energy, inc.</u>, 764 F.2d 655, 658 (9th Cir. 1985); <u>In re Crayton</u>, 192 B.R. 970, 976 (Bankr. 9th Cir. 1996); and <u>In re Vettori</u>, 217 B.R. 242 (Bankr. N.D. Ill. 1998).

The UST noted that Graham began filing chapter 11 cases for debtors in March 2009. Since that time he has filed 19 chapter 11 cases. In virtually all of these cases, the debtors were individuals

4

who owned multiple rental properties. In none of these 19 cases have chapter 11 plans been confirmed. Two of the cases have been dismissed, one case was converted to chapter 7, and in one case Graham's employment was denied. In three others, his employment applications remain pending.

Moreover, the UST contended, the history of Graham's misconduct demonstrates that he is unable or unwilling to learn from his mistakes. His employment was denied in September 2009 in a San Francisco bankruptcy case, based on his agreement to accept a post-petition retainer without court approval. Nevertheless, Graham filed employment applications containing provisions for post-petition retainers in January and February 2010. Similarly, Graham has repeatedly failed to comply with state law regarding the receipt of loan modification fees. Despite being advised in April 2010 of the prohibition on flat fees for such services, he continued to file employment applications thereafter providing for such fees.

The UST noted that, since the objections were filed in these two cases, on July 1, 2010, Graham was sanctioned by another bankruptcy judge in this district for failing to timely file documentation with respect to the receipt of fees for loan modification services as ordered by the court. The UST conceded that it is true that a law firm need not disclose the name of every member or associate when applying for employment. However, it noted that here, it appeared that the undisclosed attorney was the only attorney the debtors ever dealt with. Moreover, the attorney was a recent admittee to the Bar who did not provide the debtors with adequate legal services.

5

Based on the foregoing, the Court concludes that Graham's employment should not be approved in either case. A chapter 11 debtor-in-possession serves in the capacity of a trustee and thus is a fiduciary with respect to estate property. For this reason, a chapter 11 debtor must seek the Court's approval before employing counsel. The Court has an obligation under these circumstances to permit a chapter 11 debtor-in-possession to employ counsel only when his counsel of choice is competent in chapter 11 bankruptcy law and has ethical standards sufficient to his role as counsel for a fiduciary. The Court is unable to find that Graham meets these requirements. Above all, Graham's repeated noncompliance with the law, after being advised of problems, forms the basis for the Court's conclusion. Graham's employment application will be denied with prejudice.

Counsel for the UST is directed to submit proposed forms of orders in these two cases.

END OF DOCUMENT

6

COURT SERVICE LIST

Kenneth R. Graham
Law Offices of Kenneth R. Graham
1575 Treat Blvd #105
Walnut Creek, CA 94598

Arthur Basa Boado, Sr.
Eufresina de Leon Boado
4549 Oakdale St.
Union City, CA 94587

Ceasar Cuevas Ricasata
Geraldyn Gaviola Ricasata
1801 Vetta Drive
Livermore, CA 94550

Margaret H. McGee
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612